United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRYAN N. TAYLOR,                                      No. C 07-639 MHP (pr)

      Plaintiff,                                **ORDER OF PARTIAL DISMISSAL
                                                      AND SERVICE**
  v.

PELICAN BAY; et al.,

      Defendants.
                                             /

### INTRODUCTION

Bryan N. Taylor, formerly an inmate at Pelican Bay State Prison, filed a pro se civil rights complaint under 42 U.S.C. § 1983 concerning various conditions of confinement at the prison. The court reviewed his complaint and dismissed it with leave to amend. He then filed an amended complaint, which is now before the court for review pursuant to 28 U.S.C. § 1915A.

### BACKGROUND

In his amended complaint, Taylor alleges that he was denied his religious diet. He lists 47 defendants as being responsible for denying his religious diet repeatedly since his arrival at Pelican Bay on November 1, 2005. Taylor alleges that he "has been formally approved for the religious vegetarian diet C.D.R.C. program since December 2003 because of his religious beliefs plaintiff shares in common with 7th Day Advantis (sic)." Amended Complaint, p. 1. He does not eat pork or meat; therefore meat items served on the menu are supposed to be replaced with a vegetarian item of equal nutritional value. See id. He was

repeatedly served regular food trays instead of vegetarian food trays, denied replacement food for the meat products, and ignored or ridiculed when he complained to the guards serving the food.

Taylor also alleges several other claims in his amended complaint. He contends that he was subjected to excessive force on several occasions, that his placement in administrative segregation violated due process, that he was denied an adequate laundry exchange at Pelican Bay on several occasions, and that he received inadequate medical care. He also alleges (and supports with hundreds of pages of inmate appeals forms) that he alerted more senior prison officials to his problems, but they did not help him.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Prison inmates "have the right to be provided with food sufficient to sustain them in good health that satisfies the dietary laws of their religion." McElyea v. Babbitt, 833 F.2d 196, 198 (9th Cir. 1987). Allegations that prison officials refuse to provide a healthy diet conforming to sincere religious beliefs states a cognizable claim under § 1983 of denial of the right to exercise religious practices and beliefs. See Ward v. Walsh, 1 F.3d 873, 877 (9th Cir. 1993). The amended complaint, liberally construed, states a § 1983 claim for interference with plaintiff's religious diet that required him to eat only vegetarian food. The amended complaint adequately links defendants W. C. Lyons, J. Gephard, D. Quam, R.

1 Stevenson, H. Nichols, W. Goudelock, T. Gamboa, A Cardoza, Preston, R. Olsin, R. L.
2 Loftin, Trinquist, D. George, and T. Wadsworth (who allegedly delivered incomplete
3 vegetarian meals or non-vegetarian meals and did not remedy the situation when alerted to
4 it), as well as warden Robert Horel (who allegedly failed to stop the problem once alerted to
5 this ongoing problem by plaintiff's letter-writing campaign) and chaplain R. G. Bliesner (who
6 allegedly took too long to re-approve the religious diet). <u>See</u> Amended Complaint, pp. 2-4.
7 Although the amended complaint lists 47 defendants in the religious diet claim, <u>see</u> Amended
8 Complaint, p. 1, only these 16 defendants were adequately linked to the claim, and only they
9 will be served with process. (The court had specifically instructed plaintiff of the need to
10 link defendants to his claim, <u>see</u> Order Of Dismissal With Leave To Amend, p. 3, and he has
11 done so only as to the 15 defendants.)

12      In addition to the religious diet claim, the amended complaint alleges that Taylor was
13 subjected to excessive force on several occasions, that his placement in administrative
14 segregation violated due process, that he was denied an adequate laundry exchange, and that
15 he received inadequate medical care. <u>See</u> Amended Complaint, pp. 5-16. These claims are
16 not properly joined with the religious diet claim. Federal Rule of Civil Procedure 20(a)
17 provides that all persons "may be joined in one action as defendants if there is asserted
18 against them jointly, severally, or in the alternative, any right to relief in respect of or arising
19 out of the same transaction, occurrence, or series of transactions or occurrences and if any
20 question of law or fact common to all defendants will arise in the action." The excessive
21 force, due process, laundry and medical care claims do not arise out of the same transaction,
22 occurrence, or series of transactions or occurrences as those that form the basis for the
23 religious diet claim, and do not present questions of law or fact common to all defendants in
24 the religious diet claim. These claims therefore are dismissed without prejudice to plaintiff
25 alleging them in a separate action.

26 / / /
27 / / /
28

3

**CONCLUSION**

For the foregoing reasons,

1. The amended complaint states a cognizable § 1983 claim against W. C. Lyons, J. Gephard, D. Quam, R. Stevenson, H. Nichols, W. Goudelock, T. Gamboa, A Cardoza, Preston, R. Olsin, R. L. Loftin, Trinquist, D. George, T. Wadsworth, warden Robert Horel, and chaplain R. G. Bliesner for a First Amendment violation based on the denial of and interference with plaintiff's religious diet. All other defendants and claims are dismissed.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, a copy of the amended complaint and this order upon these individuals who apparently are employed at Pelican Bay State Prison:

- W. C. Lyons
- J. Gephard
- D. Quam
- R. Stevenson
- H. Nichols
- W. Goudelock
- T. Gamboa
- A Cardoza
- Preston
- R. Olsin
- R. L. Loftin
- Trinquist
- D. George
- T. Wadsworth
- Chaplain R. G. Bliesner
- Warden Robert Horel

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

   a. No later than **September 25, 2009**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

   b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **October 30, 2009**. Plaintiff must bear in mind the following notice and warning regarding summary

4

judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

        c.     If defendants wish to file a reply brief, they must file and serve the reply brief no later than **November 13, 2009**.

        4.     All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

        5.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

/ / /

/ / /

6. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

Dated: June 15, 2009

_____
Marilyn Hall Patel
United States District Judge